# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
v.                               )        No.:   3:19-CR-208-TAV-JEM-5
                                 )
MICHELLE CHERIE SINCLAIR ELVIR,  )
                                 )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 234]. The government has responded in opposition [Doc. 237]. This matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth more fully below, defendant's motion [Doc. 234] is **DENIED**.

## I.    Background

On February 8, 2021, defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), one count of aiding and abetting possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and two counts of distributing a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) [Docs. 102, 149]. Defendant agreed that she was responsible for least 50 grams but less than 150 grams of actual methamphetamine [Doc. 102 ¶ 5].

The revised presentence investigation report ("PSR") calculated defendant's base offense level as 30, based on the agreed-upon drug quantity of at least 50 grams but less than 150 grams of actual methamphetamine [Doc. 178 ¶ 47]. Based on a total offense level of 30 and criminal history category of I, the PSR calculated defendant's guideline range as 97 to 121 months' imprisonment [*Id.* ¶ 83]. However, because the conspiracy conviction had a statutory mandatory minimum sentence of 120 months, defendant's effective guideline range became 120 to 121 months' imprisonment [*Id.*]. Moreover, because the firearm conviction statutorily required a mandatory minimum sentence of 60 months, to run consecutive to any other sentence, defendant's effective guideline range was ultimately 180 to 181 months [*Id.*]. Defendant did not object to the PSR's calculations [Doc. 184].

The Court ultimately granted a downward departure based on the government's motion and sentenced defendant to a total of 111 months' imprisonment, followed by 5 years of supervised release [Doc. 193].

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may

modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 829].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine

3

whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government has explicitly waived enforcement of the exhaustion requirement [Doc. 237, p. 2 n.2]. Accordingly, the Court will address the merits of defendant's compassionate release request.

#### B. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the Sixth Circuit previously held that "[i]n cases where

4

incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(5).

In support of her request for compassionate release, defendant argues that the Court should reduce her sentence based on a policy disagreement with the Sentencing Guidelines' disparate treatment of offenses based on the purity of the methamphetamine involved [Doc. 234]. Defendant also highlights her rehabilitative efforts while imprisoned [*Id.* at 7].

Defendant's arguments do not fit squarely within any of the enumerated grounds for compassionate release listed in the Sentencing Commission's policy statement. *See* U.S.S.G. § 1B1.13(b)(1)–(4). However, the Court notes that the policy statement also provides that "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [enumerated reasons] are similar in gravity to those [enumerated reasons]" may constitute extraordinary and compelling grounds for compassionate release. U.S.S.G. § 1B1.13(b)(5).

But here, the Court does not find that defendant's circumstances, even when taken together, are similar in gravity to the reasons enumerated in the policy statement. First, the Court notes that a motion for compassionate release "is not the proper vehicle for arguments 'that were or could have been raised on direct appeal or in a [28 U.S.C.] § 2255 motion.'" *United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. 2020)

(alterations in original) (quoting *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019)).  Because defendant's argument regarding the Sentencing Guidelines could have been raised on appeal, or potentially in a § 2255 motion, it is not properly raised in the instant compassionate release motion.

Moreover, even if the Court were to consider defendant's argument regarding the guidelines, the Court finds that it does not constitute an extraordinary and compelling ground for compassionate release.  Certainly, the Court, at sentencing, has discretion to depart below the advisory guidelines range based upon a policy disagreement with the guidelines.  *United States v. Kamper*, 748 F.3d 728, 742 (6th Cir. 2014).  But, while the Court *may* disagree with a guideline for policy reasons and *may* reject the guideline because of that disagreement, it does not follow that the Court *must* disagree with the applicable guideline range nor that the Court *must* reject that range if it disagrees.  *Id.*  Even if the Court had been presented with this policy-disagreement argument at sentencing, the Court would not have granted a downward variance on this ground.  The Court has been presented with no reason to disagree with the application of these Guidelines to this case, or a reason to find that this case falls outside of the typical case to which these Guidelines apply.  The Court also notes that a sentence with the applicable guideline range is appropriate to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  Further, defendant's arguments on this issue rely primarily on nonbinding authority from districts in other circuits, yet this Court had repeatedly rejected this same argument in other cases.  Accordingly, the Court does not find that

7

defendant's arguments regarding the methamphetamine guidelines present an extraordinary and compelling ground for relief.

Moreover, rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for compassionate release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). The policy statement acknowledges that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). Accordingly, while the Court recognizes that defendant has taken some steps to rehabilitate herself, such efforts alone statutorily cannot constitute extraordinary and compelling grounds for release. And the Court does not find that the combination of defendant's methamphetamine disparity argument and her rehabilitative efforts constitute extraordinary and compelling grounds for relief.

Because defendant has presented no extraordinary and compelling reasons for compassionate release, her motion [Doc. 234] will be denied. The Court need not address the § 3553(a) factors.

**VII. Conclusion**

For the reasons set forth more fully above, defendant's motion [Doc. 234] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE